# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Patricia Mae Kerr Karasov, | Case No. 14-cv-1503 (SRN/BRT) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Caplan Law Firm, P.A.; City of Bloomington; City of Brooklyn Center; City of Brooklyn Park; City of Burnsville; City of Dayton; Earl Street Auto Sales; City of Eden Prairie; City of Edina; Freeborn County; City of Golden Valley; Hennepin County; City of Hopkins; Lake Area Police Department; City of Maple Grove; Metropolitan Council; Mille Lacs County; City of Minneapolis; City of Monticello; City of Plymouth, City of Prior Lake; Ramsey County; Rice County; City of Richfield; City of Roseville; City of St. Louis Park; City of St. Paul; Stearns County; Steele County; Washington County; City of Wayzata; Michael Campion, in his individual capacity as the Commissioner of the Department of Public Safety; Ramona Dohman, in her individual capacity as the Commissioner of the Department of Public Safety; John and Jane Does (1-300) acting in their individual capacity as supervisors, officers, deputies, staff, investigators, employees or agents of the other governmental agencies; Department of Public Safety Does (1-30) acting in their individual capacity as officers, supervisors, staff, employees, independent contractors or agents of the Minnesota Department of Public Safety; and Entity Does (1-50) including cities, counties, municipalities, and other entities sited in Minnesota, | |
| Defendants. | |

Jonathan A. Strauss, Lorenz F. Fett, and Sonia Miller-Van Oort, Sapientia Law Group PLLC, 12 S. Sixth St., Ste. 100, Minneapolis, MN 55402, for Plaintiff.

Adam R. Strauss and William R. Skolnick, Skolnick & Schiff, P.A., 527 Marquette Avenue South, Suite 2100, Minneapolis, MN 55402, for Defendant Caplan Law Firm, P.A.[1]

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Caplan Law Firm, P.A.'s ("Caplan") Motion to Dismiss [Doc. No. 136]. For the reasons set forth below, the motion is granted.

## I.  BACKGROUND AND PROCEDURAL POSTURE

Plaintiff Patricia Mae Kerr Karasov ("Plaintiff" or "Karasov") filed this action on May 13, 2014, against the municipal, county, and individual defendants listed above. (See Compl. [Doc. No. 1].)  Plaintiff asserts a single claim in her Complaint against all Defendants ("Count I").  In Count I, Plaintiff states a claim under the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721, *et seq.*, against all defendants.  (Id. ¶¶ 331–53.)  Plaintiff's claims are centered on allegations that law enforcement personnel and others viewed her private driver's license information in the Minnesota Department of Vehicle Services ("DVS") driver's license database and the Bureau of Criminal Apprehension ("BCA") database (collectively "DPS database") without a legitimate purpose. (See id. ¶¶ 1–3.)  Specific to the matter at bar, Plaintiff alleges that on one occasion, in November 2004, someone associated with or acting on behalf of Caplan

---

[1] The instant memorandum and opinion relate only to Defendant Caplan Law Firm's Motion to Dismiss [Doc. No. 136].  Only Defendant Caplan and Plaintiff Karasov filed briefing on this motion.  Thus, counsel for the other defendants are not listed.

2

accessed her personal information for purely personal reasons because of his/her interest in Karasov's prior role as a Hennepin County District Court Judge. (See id. ¶¶ 43–46; Ex. A to the Compl. at 1.)  Karasov served as a Hennepin County District Court Judge from 1995 until 2013, when she retired.  (Id. ¶ 24.)

The DPPA prohibits the accessing or disclosing of personal information in motor vehicle records except in limited, enumerated circumstances.  18 U.S.C. § 2721(a)–(b); McDonough v. Anoka Cnty., 799 F.3d 931, 938 (8th Cir. 2015).  The DPPA does not contain its own statute of limitations and thus the "catch-all" statute of limitations in 28 U.S.C. § 1658(a) applies.  See McDonough, 799 F.3d at 939.  A DPPA claim must be commenced within four years after the cause of action accrues.  See 28 U.S.C. § 1658(a); McDonough, 799 F.3d at 939.

Caplan's Motion to Dismiss is premised on the argument that Karasov's DPPA claim accrued when Caplan allegedly obtained Karasov's personal data from the DPS database without a proper purpose in November 2004.[2]  (See generally Defendant's Memorandum of Support of Mot. to Dismiss ("Def's Memo.") [Doc. No. 138].)  In contrast, Karasov argues her DPPA claim accrued when she discovered the alleged improper access in 2013.[3]  (See Plaintiff's Response to Defendant's Mot. to Dismiss ("Pl's Resp.") at 1 [Doc. No. 156].)  Karasov's DPPA claim against Caplan is barred by §

---

[2] When the statute of limitations is "triggered" by the violation or offending act, courts commonly refer to the "occurrence rule."  See McDonough, 799 F.3d at 939-40.

[3] When the statute of limitations is "triggered" by the discovery of the claim/injury, courts commonly refer to the "discovery rule."  See McDonough, 799 F.3d at 939-40.

1658(a) if it accrued when Caplan allegedly accessed her personal information in the DPS database, but is not barred if it accrued upon Karasov discovering Caplan's allegedly improper access.

Prior to Caplan bringing its motion to dismiss, this Court dismissed Karasov's DPPA claims against certain other defendants as time-barred under § 1658(a). Karasov v. Caplan Law Firm, P.A., 84 F. Supp. 3d 886, 894–98 (D. Minn. 2015). (See Amend. Order [Doc. No. 102].) This Court found that the congressional intent behind § 1658(a) meant that Karasov's DPPA claims accrued when the defendants allegedly accessed her personal information on the DPS database without a proper purpose, not when she discovered the claim. Karasov, 84 F. Supp. 3d at 895–96. At the time, the Eighth Circuit had not addressed the accrual issue for a DPPA claim under § 1658(a). However, shortly after Karasov and Caplan submitted their briefing on Caplan's Motion to Dismiss, the Eighth Circuit issued an opinion on this subject in McDonough. McDonough confirmed this Court's prior holding that Karasov's DPPA claims accrued when the allegedly improper access of her personal information occurred. See 799 F.3d at 943.

## II. DISCUSSION

### A. Standard of Review

Caplan moves to dismiss Karasov's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, the Court assumes the facts in the Complaint to be true and construes all reasonable inferences from those facts in the light most

favorable to Plaintiff.  <u>Morton v. Becker</u>, 793 F.2d 185, 187 (8th Cir. 1986).  However, the

Court need not accept as true wholly conclusory allegations, <u>Hanten v. School District of</u>

<u>Riverview Gardens</u>, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions Plaintiff draws

from the facts pled, <u>Westcott v. City of Omaha</u>, 901 F.2d 1486, 1488 (8th Cir. 1990).  In

addition, the Court ordinarily does not consider matters outside the pleadings on a motion to

dismiss.  <u>See</u> Fed. R. Civ. P. 12(d).  The Court may, however, consider exhibits attached to

the complaint and documents that are necessarily embraced by the pleadings, <u>Mattes v.</u>

<u>ABC Plastics, Inc.</u>, 323 F.3d 695, 697 n.4 (8th Cir. 2003), and may also consider public

records, <u>Levy v. Ohl</u>, 477 F.3d 988, 991 (8th Cir. 2007).

      To survive a motion to dismiss, a complaint must contain "enough facts to state a

claim to relief that is plausible on its face."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570

(2007).  Although a complaint need not contain "detailed factual allegations," it must

contain facts with enough specificity "to raise a right to relief above the speculative level."

<u>Id.</u> at 555.  "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements," will not pass muster.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)

(citing <u>Twombly</u>, 550 U.S. at 555).  In sum, this standard "calls for enough fact[s] to raise a

reasonable expectation that discovery will reveal evidence of [the claim]."  <u>Twombly</u>, 550

U.S. at 556.  These same standards apply to a motion for judgment on the pleadings under

Fed. R. Civ. P. 12(c).[4]  <u>Clemons v. Crawford</u>, 585 F.3d 1119, 1124 (8th Cir. 2009);

<u>Gallagher v. City of Clayton</u>, 699 F.3d 1013, 1016 (8th Cir. 2012).

---

[4] Karasov argues that Caplan "should have styled this motion as a motion for judgment
on the pleadings" under Federal Rule of Civil Procedure 12(c) "because the pleadings are

## B. **McDonough**

Caplan's motion must be granted and Karasov's DPPA claim against it must be dismissed under the guidance of McDonough.  In McDonough, plaintiffs sued a variety of government entities, law enforcement officials, and other individuals (collectively, "the defendants") for violations of the DPPA.  McDonough, 799 F.3d at 937.  The district court ruled that the statute of limitations under 28 U.S.C. § 1658(a) began to run at the time each defendant allegedly obtained or disclosed the plaintiffs' personal information from a protected database.  Id. at 939.  The plaintiffs appealed this ruling, along with other issues related to the DPPA.  Id.

The Eighth Circuit noted that it traditionally applied the discovery rule as the "default" statute of limitations accrual rule, in the absence of a contrary directive from Congress.  Id. at 940 (citing Comcast of Ill. X v. Multi–Vision Elecs., Inc., 491 F.3d 938, 944 (8th Cir. 2007)).  However, a pair of Supreme Court decisions called this standard into question and required the Court to reassess using the discovery rule as the default.  See id. at 940–41 (citing TRW Inc. v. Andrews, 534 U.S. 19 (2001) and Gabelli v. S.E.C., 133 S. Ct. 1216 (2013)).  The pairing of TRW and Gabelli,

---

closed . . . ."  (Pl's Resp. at 2.)  However, Karasov acknowledges the standard of review for motions to dismiss and motions for judgment on the pleadings are the same.  (See id.)  Karasov is correct that motions to dismiss filed after the pleadings are closed are viewed as motions for judgment on the pleadings.  St. Paul Ramsey Cnty. Med. Ctr. v. Pennington Cnty., S.D., 857 F.2d 1185, 1187 (8th Cir. 1988) (citing Rule 12(c)).  The Court thus construes Caplan's Motion to Dismiss as a motion for judgment on the pleadings under Rule 12(c), but employs the standard of review for a motion to dismiss for failure to state a claim.  See Clemons, 585 F.3d at 1124.

instruct us that when the text, structure, and purpose of a limitations provision suggest that Congress may not have intended for the discovery rule to apply, courts should take into account the general policy underlying statutes of limitation, as well as equitable considerations relevant to the cause of action at hand, when determining whether to apply the discovery or occurrence rule.

Id. at 942.

Turning to § 1658, the Court found that the term "accrue" was ambiguous as it could be understood to support both the discovery and occurrence rules. Id. However, the Court noted that Congress amended § 1658 to add a section which explicitly required securities fraud claims be brought no later than the earlier of two years after discovery of the fraud, or five years after the violation occurred. Id. at 943; see 28 U.S.C. § 1658(b). Thus, the structure of § 1658 suggested "Congress may have intended the trigger for the date of accrual to vary depending upon the specific cause of action at hand." McDonough, 799 F.3d at 943.

The Court then considered the equitable and policy considerations specific to determining the appropriate "trigger" for the statute of limitations for a DPPA claim. Id. First, the Court noted that unlike fraud and medical malpractice claims, "DPPA violations are not by their nature self-concealing."[5] Id. Second, the Court recognized that "faded memories and time-lost evidence pertaining to the disclosure, obtainment, or use of data are the types of considerations that statutes of limitation are intended to address." Id. In

---

[5] The Supreme Court discussed how the discovery rule arose in fraud cases as an exception to the "standard rule" (the occurrence rule) because under those circumstances the injury might be self-concealing. Gabelli, 133 S. Ct. at 1221–22.

light of these findings, the Eighth Circuit declared "the statute of limitations for these DPPA violations began to run when the violations occurred," and upheld the dismissal of the plaintiffs' DPPA claims that occurred more than four years prior to the filing of their complaints.  Id.

When it is evident from the complaint that a claim is barred by the statute of limitations, it may properly be dismissed pursuant to a motion to dismiss or for judgment on the pleadings.  See Varner v. Peterson Farms, 371 F.3d 1011, 1016 (8th Cir. 2004); Thach v. Tiger Corp., 609 F.3d 955, 960 (8th Cir. 2010).  Karasov alleges Caplan improperly accessed her personal information from the DPS database in November 2004. She did not file her Complaint until May 2014, nearly ten years after her DPPA claim against Caplan accrued.  Thus, Karasov's claim against Caplan is time-barred under 28 U.S.C. § 1658(a) and must be dismissed.[6]

**THEREFORE, IT IS HEREBY ORDERED THAT:**

    1.  Defendant Caplan's Motion to Dismiss [Doc. No. 136] is **GRANTED.**

---

[6] Karasov, citing McCann v. Hy-Vee, Inc., 663 F.3d 926 (7th Cir. 2011), asks that the ameliorative principals of equitable estoppel and equitable tolling be applied to allow her claim to proceed despite being time-barred.  (See Pl's Resp. at 3–5.)  McCann is markedly different from the present matter, involving actual fraud and misrepresentations and not addressing these equitable principles in the context of the DPPA.  See 663 F.3d at 927–29.  Furthermore, McDonough is binding precedent on this Court and does not support Karasov's argument.  See 799 F.3d at 943 (examining equitable and policy considerations, yet concluding the plaintiffs' DPPA claims were properly dismissed). The Court declines to invoke equitable estoppel or equitable tolling to save Karasov's claim.

2.  Plaintiff Karasov's DPPA claim against Defendant Caplan (Compl. at ¶¶ 43–46, 331–53 [Doc. No. 1]) is **DISMISSED WITH PREJUDICE**.


Dated:  October 23, 2015                    s/ Susan Richard Nelson
                                            SUSAN RICHARD NELSON
                                            United States District Judge